UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LUSHER SITE REMEDIATION GROUP, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:18-cv-00506 |
| v. | ) ) ) | |
| STURGIS IRON & METAL CO., INC., R 11, LLC, GODFREY CONVEYOR CO., INC., PATRICK INDUSTRIES, INC., ELKHART INDUSTRIES, INC., HMS ELKHART, LLC, HEAVY METAL SCRAP, INC., ATLAS DIE LLC, R CONCEPTS INDUSTRIES, INC., as successor in interest to IMC, INC. and R CONCEPTS, INC., IMC, INC., R CONCEPTS, INC., ELKHART METALS CORP., INDUSTRIAL PLANT SERVICE, INC., THE 1610 CORPORATION, and STURGIS IRON & METAL OF INDIANA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**THIRD AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY JUDGMENT**

Plaintiff Lusher Site Remediation Group (the "Group"), for its Third Amended Complaint for damages against Defendants Sturgis Iron & Metal Co., Inc. ("Sturgis"), R 11, LLC ("R 11"), Godfrey Conveyor Co., Inc. ("Godfrey"), Patrick Industries, Inc. ("Patrick Industries"), Elkhart Industries, Inc. ("Elkhart Industries"), HMS Elkhart, LLC ("HMS"), Heavy Metal Scrap, Inc. ("Heavy Metal"), Atlas Die LLC ("Atlas"), R Concepts Industries, Inc. ("RC Industries), as successor in interest to IMC, Inc. ("IMC") and R Concepts, Inc. ("R Concepts"), IMC, R. Concepts, Elkhart Metals Corp. ("Elkhart Metals"), Industrial Plant Service, Inc.

1

("I.P.S., Inc."), the 1610 Corporation, and Sturgis Iron & Metal of Indiana ("Sturgis Indiana") (collectively, the "Defendants"), alleges and states:

## I. INTRODUCTION

1. This is an action for damages and declaratory relief concerning environmental liabilities. The Group seeks damages from the Defendants for their environmental contamination of properties located within the Lusher Street Groundwater Contamination Superfund Site (the "Lusher Site").

## II. THE PARTIES

2. The Group consists of the following entities: Anderson Products Inc., B-D Industries, Inc., Elkhart Plating Corp., NFP Holdings, LLC, Gaska Tape Inc., Holland Metal Fab, Inc., and Walerko Tool and Engineering Corp. Anderson Products Inc. is a Minnesota corporation. NFP Holdings, LLC is a limited liability company organized in the State of Tennessee. The remaining Group members are Indiana corporations.

3. Sturgis is a Michigan corporation that did business in Indiana on a regular basis, rendered services in Indiana, and owned real property within Indiana. Sturgis was administratively dissolved on July 15, 2010, but upon information and belief, Sturgis failed to publish a notice of dissolution as required by Michigan law.

4. R 11 is a Michigan limited liability company that owned real property within Indiana.

5.      Godfrey is an Indiana corporation that did business in Indiana on a regular basis, rendered services in Indiana, and owned real property within Indiana. Godfrey attempted a voluntary dissolution in April 2010, but upon information and belief, Godfrey failed to publish a notice of dissolution as required by Indiana law.

6.      Patrick Industries is an Indiana corporation that did business in Indiana on a regular basis, rendered services in Indiana, and owned real property within Indiana. Upon information and belief, Patrick Industries is also the successor in interest to ILC Products Company, Inc., which did business in Indiana on a regular basis and rendered services in Indiana.

7.      Elkhart Industries is a North Carolina corporation that did business in Indiana on a regular basis, rendered services in Indiana, and owned real property within Indiana. One of its divisions, Elkhart Rubber, Inc., did business in Indiana on a regular basis, rendered services in Indiana, and owned real property within Indiana. Elkhart Industries was administratively dissolved on September 4, 2008, but upon information and belief, Elkhart Industries failed to publish a notice of dissolution as required by North Carolina law.

8.      HMS is an Indiana limited liability company that owns real property within Indiana.

9.      Heavy Metal is an Indiana corporation that does business in Indiana on a regular basis and renders services in Indiana.

10. Atlas is a Delaware corporation that owns real property within Indiana. A division of Atlas, Atlas Chemical Milling, does business in Indiana on a regular basis and renders services in Indiana.

11. RC Industries is an Indiana corporation. Upon information and belief, RC Industries is the successor in interest to IMC and R Concepts, which did business in Indiana on a regular basis and rendered services in Indiana.

12. IMC is an Indiana corporation based in Elkhart, Indiana. IMC was administratively dissolved in 1994 but, pursuant to Ind. Code § 23-1-45-5, can still be made a defendant in this action.

13. R Concepts is an Indiana corporation based in Elkhart, Indiana. R Concepts was administratively dissolved in 1996 but, pursuant to Ind. Code § 23-1-45-5, can still be made a defendant in this action.

14. Elkhart Metals is an Indiana corporation that operated a scrap metal business at the Lusher Site prior to 1985. Sturgis purchased Elkhart Metals in 1985 and continued to operate that business at the Lusher Site until on or about 2010.

15. I.P.S., Inc. is an Indiana corporation that, on information and belief, operated a scrap metal business at the Lusher Site prior to 1985. Sturgis purchased I.P.S., Inc. in 1985 and continued to operate that business at the Lusher Site until on or about 2010.

16. Sturgis Indiana is, on information and belief, an Indiana company that operated a scrap metal business at the Lusher Site from on or about 1985 until on or about 2010.

17.     1610 Corporation is, on information and belief, an Indiana corporation that owned a portion of the Site before 1985.

### III.  JURISDICTION AND VENUE

18.     This lawsuit asserts a claim under Section 107(a) of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), for environmental response costs incurred and to be incurred by the Group in responding to releases of hazardous substances (the "CERCLA Claim") at and near the Lusher Site. This lawsuit also requests declaratory judgment against the Defendants under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. The CERCLA Claim and request for declaratory judgment pose federal questions; therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1331. 42 U.S.C. § 9613(b) also provides the United States district courts with exclusive jurisdiction over all controversies arising under CERCLA, except in certain limited circumstances not present here.

19.     This lawsuit also asserts claims under (a) Indiana's Environmental Legal Action Statute, Indiana Code §§ 13-30-9-1 *et seq.* ("ELA") against Sturgis, Godfrey, Patrick Industries, Elkhart Industries, Atlas, RC Industries, IMC, R Concepts, Elkhart Metals, I.P.S., Inc., the 1610 Corporation, and Sturgis Indiana for costs incurred and to be incurred by the Group in responding to the release of hazardous substances (the "ELA Claim"); and (b) Indiana common law—specifically, claims for negligence, trespass, and nuisance—for damages related to the release of hazardous substances (the "Common Law Claims"). The ELA Claim and Common

Law Claims are related to the CERCLA Claim so that it forms part of the same case or controversy. Therefore, this Court has supplemental jurisdiction over the ELA Claim and Common Law Claims pursuant to 42 U.S.C. §1367(a).

20. Venue is proper in this judicial district under 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391 because the properties at issue are located in this Court's district and division and the releases or threatened releases of hazardous substances that give rise to the claims in this action occurred in this Court's district and division.

## IV. BACKGROUND

A. <u>The Lusher Site</u>

21. The Lusher Site is located in Elkhart, Indiana and occupies approximately 870 acres.

22. The Lusher Site consists of a groundwater plume contaminated with chlorinated volatile organic compounds ("VOCs"), including tetrachloroethene ("PCE"), trichloroethene ("TCE"), chloroform, 1,1-dichloroethane ("DCA"), vinyl chloride, 1,1,1-trichloroethane ("1,1,1-TCA"), 1,1-dichloroethene, and 1,2-dichloroethene. These VOCs were commonly used as industrial solvents.

23. Contamination of the Lusher Site was first identified in the 1980s. The United States Environmental Protection Agency and Elkhart County Health Department oversaw extensive investigation and sampling at the Site which confirmed the presence of PCE and TCE concentrations exceeding EPA Maximum Contaminant Levels ("MCLs") for drinking water.

24.     In 1987, EPA conducted a removal action to mitigate immediate threats to human health and the environment posed by groundwater contamination of water wells. The removal action consisted of connecting several homes to a municipal water system and installing filtration systems.

25.     Beginning in 2005, the Indiana Department of Environmental Management ("IDEM") performed sampling activities that revealed chlorinated VOC levels at many private wells within the Lusher Site exceeding the MCLs. EPA began its own investigation before including the Lusher Site on EPA's high-priority cleanup site listing, the National Priorities List ("NPL") in 2008.

26.     During a 2009 Remedial Investigation, EPA investigated potential source facilities and evaluated the extent of the groundwater plume and the potential for adversely affecting the quality of indoor air in nearby buildings, a process known as "vapor intrusion." The remedial investigation confirmed that TCE, PCE, 1,1-DCA, and chloroform had a complete vapor intrusion pathway. The distribution of chlorinated VOCs suggested several sources of contamination located in or near the southern two-thirds of the plume area.

27.     Due to the complexity of the groundwater contamination and the potential of identifying additional sources for the contamination, EPA is proceeding under a phased approach to the investigation and cleanup of the Lusher Site.

28.     The first phase of the investigation and cleanup is called "Operable Unit 1" ("OU1"), which is comprised of response actions to address contaminated

groundwater at the Lusher Site. The investigation for OU1 was completed in November 2013.

29. On March 29, 2016, a court approved a Consent Decree finalizing the interim remedy for OU1. The Consent Decree was entered into by EPA, IDEM, and several current owners of properties at the Site (n/k/a the Group). One of the parties' objectives in entering into the Consent Decree was to protect public health, welfare, and the environment through the design and implementation of certain response actions at the Lusher Site by the Group. The Group has performed and continues to perform the interim remedy for OU1.

30. The interim remedy for OU1 includes: (a) connecting a municipal drinking water supply to properties potentially at risk from contaminated groundwater; and (b) installing a vapor intrusion mitigation system at buildings where vapor intrusion from contaminated groundwater poses an unacceptable risk to human health. The interim remedy is ongoing.

31. Operable unit 2 ("OU2"), the second phase of the investigation and cleanup, is comprised of response actions to address the source areas giving rise to the contaminated groundwater. OU2 has yet to begin.

B. The Sturgis Property

32. Sturgis purchased and consolidated four separate parcels within the Lusher Site over a twenty-year period. These four parcels make up the Sturgis Property. The parcels include: (a) the main (unnamed) parcel purchased by Sturgis in 1985 from the 1610 Corporation; (b) the "former Godfrey Marine property"

purchased by Sturgis in 1996; (c) the "former Patrick Industries property" purchased by Sturgis in 2004; and (d) the "former Elkhart Rubber property" purchased by R 11 and immediately quitclaimed to Sturgis in 2005. The Sturgis Property occupies approximately thirteen acres within the southern two-thirds of the Lusher Site.

33. Godfrey sold the former Godfrey Marine property, located at 1703 S. 13th Avenue, to Sturgis in 1996. Prior to closing, Sturgis obtained a limited Phase I Environmental Site Assessment, which identified the presence of TCE in groundwater and indicated an on-site source may be releasing contamination into the environment. Godfrey's operations at the property included manufacturing conveyors.

34. Sturgis assigned all of its rights and obligations under the Real Estate Purchase Agreement with Godfrey to R 11 in 1997. In 2005, R 11 quitclaimed the former Godfrey Marine property back to Sturgis.

35. Patrick Industries sold the former Patrick Industries property, located at 1819 S. 14th Street, to Sturgis in 2004. Prior to closing, Sturgis obtained a Site Investigation Summary Report, which identified the presence of PCE and TCE in groundwater and indicated the existence of an on-site release. Patrick Industries and its predecessors, including ILC Products Company, Inc., operated at the property from at least 1969 until 2004. Those operations included manufacturing and painting lamps and aluminum.

36. Elkhart Industries owned the former Elkhart Rubber property, located at 1631 Oakland Ave., from approximately 1969 until 1989. Elkhart Industries and/or Elkhart Rubber, Inc. manufactured rubber goods. Prior to purchasing the former Elkhart Rubber property in 2005, Sturgis obtained a Phase I and II Environmental Site Assessment, which identified a second environmental report, The 1629 Corporation Environmental Testing Project dated July 2, 1993, and revealed PCE and 1,1,1-TCA in groundwater in the area where chemical mixing occurred while the property was occupied by Elkhart Industries.

37. Sturgis, Elkhart Metals, I.P.S., Inc., and Sturgis Indiana were in the business of providing scrap metal and vehicle recycling services. Sturgis, Elkhart Metals, I.P.S., Inc., and Sturgis Indiana purchased, sorted, processed, and sold ferrous and nonferrous scrap metal. Scrap metal is a byproduct of the industrial manufacturing process or is recycled from obsolete goods. Sturgis, Elkhart Metals, I.P.S., Inc., and Sturgis Indiana performed scrap metal recycling operations at the Sturgis Property. Sturgis has admitted to storing shredder residuals ("fluff") contaminated with VOCs directly on the ground at the Sturgis Property until the fluff was removed and disposed of off-site.

38. As a result of operations conducted by Godfrey, Patrick Industries, Elkhart Industries, Sturgis, Elkhart Metals, I.P.S., Inc., the 1610 Corporation, and Sturgis Indiana, soil and groundwater at the Sturgis Property has been impacted with VOCs at concentrations exceeding applicable EPA and/or IDEM standards.

Godfrey, Patrick Industries, Elkhart Industries, Sturgis, and R 11 owned all and/or part of the Sturgis Property during those operations.

39. The Group has incurred and continues to incur major environmental testing and cleanup costs associated with the contamination of the Sturgis Property caused by Godfrey, Patrick Industries, Elkhart Industries, Sturgis, Elkhart Metals, I.P.S., Inc., the 1610 Corporation, and Sturgis Indiana.

40. On April 28, 2010, HMS purchased the Sturgis Property from Sturgis. HMS is the current owner of the Sturgis Property.

41. Heavy Metal is the current operator of a scrap recycling business at the Sturgis Property.

C.  The Atlas Property

42. Atlas is the current owner of property located at 1627 W. Lusher Avenue within the Lusher Site (the "Atlas Property").

43. Atlas Chemical Milling, a division of Atlas, currently manufactures flexible dies for reciprocating or rotary application at the Atlas Property.

44. A 2010 Preliminary Investigation Report prepared for EPA concluded that the Atlas Property "may be contributing chlorinated solvents of interest to groundwater [because] 1,1,1-TCA was detected in side-gradient groundwater samples at higher concentrations compared to up-gradient groundwater samples."

45. A 2013 Final Remedial Investigation Report prepared for EPA concluded that the TCE concentration in a groundwater sample at the Atlas Property exceeded the MCL.

46. As a result of Atlas' operations, groundwater at the Atlas Property has been impacted with VOCs at concentrations exceeding applicable EPA and/or IDEM standards.

47. The Group has incurred and continues to incur major environmental testing and cleanup costs associated with Atlas' contamination of the Atlas Property.

D. The RC Industries Property

48. IMC and R Concepts operated a steel fabricator business at the property located at 1721 W. Lusher Street within the Lusher Site (the "RC Industries Property").

49. Upon information and belief, employees of IMC and/or R Concepts dumped TCE into a pit on the RC Industries Property in the 1970s.

50. Upon information and belief, IMC and R Concepts are predecessors in interest to RC Industries.

51. The Group has incurred and continues to incur major environmental testing and cleanup costs associated with IMC's and/or R Concepts' contamination of the RC Industries Property.

V. CLAIMS FOR RELIEF

COUNT ONE:
COST RECOVERY UNDER CERCLA—
ALL DEFENDANTS

52. The Group incorporates the allegations contained in paragraphs 1 through 51 of this Third Amended Complaint.

53. The Sturgis, Atlas, and RC Industries Properties are "facilities" within the meaning of Section 101(8) of the CERCLA, 42 U.S.C. § 9601(9).

54. The Defendants are "persons" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

55. Releases and threatened releases of hazardous substances have occurred at and from the Sturgis, Atlas, and RC Industries Properties into the environment.

56. Sturgis, Elkhart Metals, I.P.S., Inc., the 1610 Corporation, Sturgis Indiana, IMC, R Concepts, Godfrey, Patrick Industries, Elkhart Industries, Atlas, and RC Industries stored, located, and used "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. §9601(14) at the Sturgis, Atlas, and/or RC Industries Properties.

57. Sturgis, Elkhart Metals, I.P.S., Inc., the 1610 Corporation, Sturgis Indiana, IMC, R Concepts, Godfrey, Patrick Industries, Elkhart Industries, Atlas, and RC Industries conducted operations at their properties at the time of disposal of hazardous substances.

58. Sturgis, R 11, Godfrey, Patrick Industries, Elkhart Industries, and Atlas owned the Sturgis, and/or Atlas Properties at the time of disposal of hazardous substances.

59. HMS and Atlas currently own the Sturgis and Atlas Properties, respectively.

60. Heavy Metal and Atlas currently conduct operations at the Sturgis and Atlas Properties, respectively.

61. The Defendants are liable to the Group under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for any and all response costs incurred or to be incurred by the Group as a result of the release or threatened release of hazardous substances at and from the Sturgis, Atlas, and/or RC Industries Properties, as well as reasonable attorneys' fees and costs of this litigation.

## COUNT TWO:
## CONTRIBUTION UNDER CERCLA—
## ALL DEFENDANTS

62. The Group incorporates the allegations contained in paragraphs 1 through 61 of this Third Amended Complaint.

63. The Defendants are liable parties under CERCLA, but have not resolved their liability to the Group, IDEM, or EPA.

64. The Group has already incurred significant costs under OU1 for investigation and other response activities at, adjacent to, and nearby the Sturgis, Atlas, and RC Industries Properties within the Lusher Site.

65. The Group is entitled to contribution from the Defendants under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f)(1), for their respective equitable shares of all costs and damages incurred by the Group, including applicable interest as provided for in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

66. Pursuant to Federal Rule of Civil Procedure 57 and Section 28 U.S.C. §§ 2201 and 2202, the Group is entitled to declaratory judgment against the

Defendants finding that they are each liable under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and are obligated to pay for their equitable shares of all past and future environmental response costs, plus interest, associated with the Lusher Site, as well as reasonable attorneys' fees and costs of this litigation.

COUNT THREE:
INDIANA ENVIRONMENTAL LEGAL ACTION—
STURGIS, GODFREY, PATRICK INDUSTRIES, ELKHART INDUSTRIES,
ATLAS, AND RC INDUSTRIES

67. The Group incorporates the allegations contained in paragraphs 1 through 66 of this Third Amended Complaint.

68. Pursuant to Section 2 of the ELA, IND. CODE § 13-30-9-2, the Group may bring an environmental legal action against a person who caused or contributed to the release of a hazardous substance into the surface or subsurface soil or groundwater that poses a risk to human health and the environment to recover reasonable costs of a removal or remedial action involving the hazardous substance.

69. During the course of Sturgis', Elkhart Metals', I.P.S., Inc.'s, the 1610 Corporation's, Sturgis Indiana's, Godfrey's, Patrick Industries', Elkhart Industries', Atlas', IMC's, and R Concepts' ownership and/or operation of the Sturgis, Atlas, and/or RC Industries Properties, they caused or contributed to releases of hazardous substances into the surface and subsurface soil and/or groundwater at and adjacent to the properties. Hazardous substances are present in the surface and subsurface soil and/or groundwater at, below, and adjacent to the properties within

the Lusher Site. These hazardous substances pose a risk to human health and the environment.

70. The Group has already incurred and will incur significant costs for investigation and certain response activities at and adjacent to the Sturgis, Atlas, and RC Industries Properties within the Lusher Site.

71. Sturgis, Elkhart Metals, I.P.S., Inc., the 1610 Corporation, Sturgis Indiana, IMC, R Concepts, Godfrey, Patrick Industries, Elkhart Industries, Atlas, and RC Industries are liable to the Group under IND. CODE § 13-30-9-2 and § 13-30-9-3 for all reasonable costs of a removal or remedial action involving the release of hazardous substances at and from their properties, and for all reasonable attorneys' fees and costs.

COUNT FOUR:
NEGLIGENCE—STURGIS, GODFREY, PATRICK INDUSTRIES, ELKHART INDUSTRIES, ATLAS, AND RC INDUSTRIES

72. The Group incorporates the allegations contained in paragraphs 1 through 71 of this Third Amended Complaint.

73. Sturgis, Elkhart Metals, I.P.S., Inc., the 1610 Corporation, Sturgis Indiana, Godfrey, Patrick Industries, Elkhart Industries, Atlas, IMC, and R Concepts owed a duty to the Group not to allow the release of hazardous substances into the environment or to allow them to remain.

74. Sturgis, Elkhart Metals, I.P.S., Inc., the 1610 Corporation, Sturgis Indiana, Godfrey, Patrick Industries, Elkhart Industries, Atlas, IMC, and

R Concepts breached these duties and negligently allowed the release of hazardous substances into the environment and allowed them to remain.

75. This negligence has directly and proximately caused damages to the Group arising from their properties. Therefore, the Group is entitled to recover from Sturgis, Elkhart Metals, I.P.S., Inc., the 1610 Corporation, Sturgis Indiana, Godfrey, Patrick Industries, Elkhart Industries, Atlas, and RC Industries the costs of the environmental cleanup.

## COUNT FIVE:
## TRESPASS—STURGIS, GODFREY, PATRICK INDUSTRIES, ELKHART INDUSTRIES, ATLAS, AND RC INDUSTRIES

76. The Group incorporates the allegations contained in paragraphs 1 through 75 of this Third Amended Complaint.

77. Sturgis', Elkhart Metals', I.P.S., Inc.'s, the 1610 Corporation's, Sturgis Indiana's, Godfrey's, Patrick Industries', Elkhart Industries', Atlas', IMC's, and R Concepts' releases of hazardous substances onto Group members' properties within the Site and the failure to remove them constitute trespass.

78. The Group is entitled to recover from Sturgis, Elkhart Metals, I.P.S., Inc., the 1610 Corporation, Sturgis Indiana, IMC, R Concepts, Godfrey, Patrick Industries, Elkhart Industries, Atlas, and RC Industries an amount sufficient to compensate it for the ongoing, unauthorized presence of hazardous substances at and arising from their properties.

## COUNT SIX:
## NUISANCE—STURGIS, GODFREY, PATRICK INDUSTRIES, ELKHART INDUSTRIES, ATLAS, AND RC INDUSTRIES

79. The Group incorporates the allegations contained in paragraphs 1 through 78 of this Third Amended Complaint.

80. Sturgis', Elkhart Metals', I.P.S., Inc.'s, the 1610 Corporation's, Sturgis Indiana's, Godfrey's, Patrick Industries', Elkhart Industries', Atlas', IMC's, and R Concepts' conduct in releasing hazardous substances into the environment and allowing the contamination to go unremediated and migrate onto the Group's and other surrounding properties has wrongfully obstructed Group members' free use and enjoyment of their properties and comprises a nuisance.

81. Pursuant to IND. CODE §32-30-6-6, §32-30-6-7(a), and §32-30-6-8, the Group is entitled to recover from Sturgis, Elkhart Metals, I.P.S., Inc., the 1610 Corporation, Sturgis Indiana, IMC, R Concepts, Godfrey, Patrick Industries, Elkhart Industries, Atlas, and RC Industries all direct and consequential damages for the nuisance.

## VI.  PRAYER FOR RELIEF

WHEREFORE, the Group asks the Court to:

1. Enter judgment in favor of the Group, and against the Defendants, for the costs of cleaning up the environmental contamination at and arising from the Sturgis, Atlas, and RC Industries properties, as well pay as the Group's other damages and reasonable attorneys' fees and costs of this litigation;

    2.    Declare that the Defendants are obligated to pay for their equitable share of all past and future response costs associated with the Sturgis, Atlas, and RC Industries Properties, as well as interest and reasonable attorneys' fees and costs of this litigation; and

    3.    Award the Group all further appropriate relief.

## VII. JURY DEMAND

Plaintiff Lusher Street Remediation Group demands a trial by jury for all issues so triable.

Respectfully submitted,

PLEWS SHADLEY RACHER & BRAUN LLP

 s/ *Thao T. Nguyen*
Attorneys for the Lusher Site Remediation Group

Thao T. Nguyen, Atty. No. 25030-71
53732 Generations Drive
South Bend, Indiana 46530
(574) 273-1010
tnguyen@psrb.com

Sean M. Hirschten, Atty. No. 29283-49
Joanne R. Sommers, Atty. No. 32740-49
1346 North Delaware Street
Indianapolis, Indiana 46260
(317) 637-0700
shirschten@psrb.com
jsommers@psrb.com

19

## CERTIFICATE OF SERVICE

  I hereby certify that on February 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

**Sturgis Iron & Metal Co., Inc.**
David L. Hatchett
Michael J. Reeder
Hatchett & Hauck
150 W. Market Street, Suite 200
Indianapolis, Indiana 46204

**HMS Elkhart & Heavy Metal Scrap, Inc.**
Bradley R. Sugarman
Andrew M. McNeil
Seth M. Thomas
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204

**R Concepts Industries, Inc.**
Michael J. Hays
James M. Lewis
Tuesley Hall Konopa, LLP
212 E. LaSalle Ave., Suite 100
South Bend, IN 46617

Michael J. Maher
Elizabeth S. Harvey
T. Allon Renfro
Swanson, Martin & Bell, LLP
330 N. Wabash, Ste. 3300
Chicago, IL 60611

**Atlas Die LLC**
Gregory P. Cafouros
Stephen J. Peters
David I. Rubin
Kroger Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204

**Patrick Industries, Inc.**
Patrick D. Murphy
Murphy Rice, LLP
400 Plaza Building
210 S. Michigan Street
South Bend, IN 46601

Terrence J. Dee
Jacob E. Hollinger
McDermott Will & Emery, LLP
444 W. Lake Street, Ste. 4000
Chicago, IL 60606

**Elkhart Industries, Inc.**
David A. Temple
Alexander C. Trueblood
Erik S. Mroz
Drewry Simmons Vornehm, LLP
736 Hanover Place, Suite 200
Carmel, IN 46032

**R 11, LLC**
Michael J. Caywood
HaasCaywood PC
PO Box 7099
112 S. Monroe St.
Sturgis, MI 49091

     s/ *Thao T. Nguyen*