UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LUSHER SITE REMEDIATION GROUP,<br><br>    Plaintiff,<br><br>    v.<br><br>GODFREY CONVEYOR CO., INC., et al.,<br><br>    Defendants. | Case No. 3:18-CV-506 JD |

**OPINION AND ORDER**

On May 1, 2023, the Active Defendants[1] filed an unopposed motion to enter a Rule 54(b) final judgment on previously dismissed claims. (DE 322.) In two prior orders addressing motions to dismiss (DE 279; DE 252), this Court dismissed the following claims: (1) Count I (CERCLA Section 107 for Cost Recovery) and Count III (Indiana Environmental Legal Action statute) as to Consent Decree Costs, but not as to Non-Consent Decree Costs (DE 279 at 11–12, 14–15);[2] (2) Count II (CERCLA Section 113(f) for Contribution) as to all defendants except HMS Elkhart, LLC, and Heavy Metal Scrap, Inc[3] (DE 279 at 8); (3) Counts IV, V, and VI (state common law claims) (*Id.* at 15–17); and (4) the Plaintiff Lusher Site Remediation Group's claims against Sturgis Iron & Metal Co. ("Sturgis"), as well as Sturgis's cross-claims and counterclaims against

---

[1] The "Active Defendants" includes Atlas Die, LLC ("Atlas"), Elkhart Industries, Inc. ("Elkhart Industries"), Godfrey Conveyor Co., Inc. ("Godfrey"), IMC, Inc. ("IMC"), Patrick Industries, Inc. ("Patrick"), R Concepts Industries, Inc. d/b/a RC Industries, Inc. ("RC Industries"), and R 11, LLC ("R 11"). These are the defendants which have appeared in this litigation and have claims pending against them. The Active Defendants represent that they met and conferred with Plaintiff Lusher Site Remediation Group (the "Lusher Group") regarding the motion and that the Lusher Group does not oppose the relief sought. (DE 322 at 1 n.1.) Other parties who were previously defendants, such as HMS Elkhart, LLC, Heavy Metal Scrap, Inc., and Sturgis Iron & Metal Co., have also not opposed granting relief.

[2] The Counts above were each contained in the Lusher Group's Third Amended Complaint. (DE 209.)

[3] The Court granted a later unopposed motion to dismiss filed by HMS Elkhart, LLC, and Heavy Metal Scrap, Inc., which dismissed the claims against these defendants with prejudice. (DE 307.)

the Active Defendants. (DE 152 at 22–25.) The Consent Decree costs related to response activities and costs from the part of the contamination site known as Operable Unit 1 ("OU1"). Non-Consent Decree Costs refer to the activities, costs, and future costs associated with the second half of the clean-up at Operable Unit 2 ("OU2"). The only remaining claims in this litigation are Counts I and III against the Active Defendants, but solely with respect to Non-Consent Decree Costs related to OU2.

The Active Defendants seek entry of a partial final judgment on these previously dismissed claims because they wish to ensure the dismissals have preclusive effect. The Lusher Group has committed to filing a motion to voluntarily dismiss the remaining claims without prejudice. (DE 318; DE 320; DE 322 at 2.) There are several Seventh Circuit decisions which indicate that in cases where there is a dismissal without prejudice, reserving the right to reinstate claims at a future time, there is no true final judgment. *See First Health Grp. Corp. v. BCE Emergis Corp.*, 269 F.3d 800, 801 (7th Cir. 2001) (collecting cases holding "that the dismissal of one claim or theory without prejudice, with a right to reactivate that claim after an appeal on the remaining theories, makes the judgment non-final"); *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 856 (7th Cir. 2017) ("Claims dismissed without prejudice have not been disposed of, and any resulting judgment is not final unless there is a clear legal bar to the claims' revival."). However, in such a situation, a preclusive effect on a partial dismissal may still be achieved by asking "the court to enter a final judgment" under Rule 54(b). *West v. Louisville Gas & Elec. Co.*, 920 F.3d 499, 505 (7th Cir. 2019) (where the plaintiff preserved the right to reinstate claims after dismissal, there was no final judgment, but the plaintiff could have gotten a final judgment on certain claims if he had "asked the court to enter a final judgment . . . pursuant to Rule 54(b)").

Rule 54(b) permits the court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) serves the purpose of allowing "appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court." *Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Cos.*, 408 F.3d 935, 939 (7th Cir. 2005). A final judgment under Rule 54(b) may only be entered where the claims are "truly separate and distinct from those that remain pending in the district court, where 'separate' means having minimal factual overlap." *Id.* "The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal." *Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997).

Here, the previously dismissed claims are factually distinct from those that remain. The remaining claims in Counts I and III relate to Non-Consent Decree Costs. The claims previously dismissed each related to or arose from a 2016 Consent Decree surrounding the portion of the Contamination Site known as OU1. Unlike the previously dismissed claims, the remaining claims arise from the costs and activity surrounding a separate portion of the Contamination Site, OU2. Furthermore, the EPA is still in the process of determining what further actions will be required at OU2, what the scope of the remedy will be, and whether it will pursue a potential action plan regarding OU2 with any parties. Given that the claims relate to different sites, and that different consent decrees may be entered into regarding the two individual sites, the Court finds that the claims are separate and that the Seventh Circuit would not have to go over the same ground it covered if one set of claims is appealed.

The Court also finds that there is no just reason to delay entry of final judgment as to the previously dismissed claims. The parties have been submitting status reports for the last several months, which indicate that the EPA "has not yet proposed, let alone selected, a remedy for OU2." (DE 320 at 2.) Furthermore, the parties report that it is apparent that the "EPA is not currently in a position to say when it will propose or select such a remedy." (*Id.*) Judicial economy therefore favors granting partial final judgment under Rule 54(b). *Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 951 (7th Cir. 1980) (where delay in adjudicating the remaining crossclaim "promised to be considerable" judicial economy favored granting motion for final judgment under Rule 54(b)). By doing so, the Lusher Group represents it will dismiss its remaining claims, rather than filing a string of motions to stay as they await the EPA's proposed remedy for OU2. Additionally, no party objects to entry of final judgment under Rule 54(b). Rather, given that the Lusher Group has consented to this motion, and that no party has objected, it appears that everyone agrees that the entry of final judgment will facilitate resolution of this case.

The Court notes one final consideration—whether it is too late to file a motion for entry of judgment under Rule 54(b). The Seventh Circuit, in *Schaefer v. First Nat'l Bank of Lincolnwood*, 465 F.2d 234, 236 (7th Cir. 1972), held that "as a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates." The court recognized, however, that "[t]here may be of course cases of extreme hardship where dilatoriness is not occasioned by neglect or carelessness in which the application of this general rule might be abrogated in the interest of justice." *Id.* This holding was then reaffirmed in *King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017) (denying a Rule 54(b) motion because it "was made 13 months

after partial summary judgment was granted and more than 30 days after the entry of partial judgment on the pleadings," was "seriously tardy," and the party seeking the final judgment did not give "any good reason for the delay").

However, the 30-day deadline is a case processing rule which may be waived. In *DaSilva v. Indiana*, 30 F.4th 671, 673 (7th Cir. 2022). the court explained that "[a] few months after *King* . . . the Supreme Court held that time limits in the federal rules are not jurisdiction but instead are case-processing rules, which must be enforced if properly invoked but may be waived or forfeited." *Id.* The court ultimately decided that because the party had forfeited the issue of timeliness by failing to raise it in the district court, it did not need to decide whether the 30-day line from *Schaefer* and *King* should be abrogated.[4] Here, like *Dasilva*, no party has invoked the *Schaefer/King* 30-day rule. Accordingly, such an argument is waived.

The Court notes that even if the issue had been raised, the Court would find that there was good reason for the delay in bringing it under *Schaefer* and *King.* No party objects to the entry of final judgment as to these claims. Additionally, the parties each expected that the EPA would issue a proposed remedy as to OU2. The EPA has not done this, and it does not appear the EPA is close to doing this. Rather than being driven by neglect or carelessness, the parties wish to have a final judgment in order to preserve judicial economy given that the EPA's proposed remedy does not seem imminent.

---

[4] The Court in *Dasilva* also cast doubt on *Schaefer* and *King*'s holdings, writing: "*Schaefer* and *King* are questionable if cast as rules setting an outer bound on the time to make motions in a district court [because] [t]he Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure are chock full of time limits . . . [y]et Civil Rule 54(b) does not contain one . . . ." *DaSilva*, 30 F.4th at 673.

Accordingly, pursuant to Federal Rule of Civil Procedure 54(b), the Court finds that there is "no just reason for delay" and orders that an entry of final judgment be made in regard to the previously dismissed claims, which include:

- Count I (CERCLA Section 107 for Cost Recovery) and Count III (Indiana Environmental Legal Action statute) as to Consent Decree Costs, but not as to Non-Consent Decree Costs;

- Count II (CERCLA Section 113(f) for Contribution);

- Counts IV, V, and VI (State Law Claims); and

- Lusher Groups claims against Sturgis, as well as Sturgis's crossclaims and counterclaims against the Active Defendants.

The Court GRANTS the Active Defendants Motion for Entry of Judgment (DE 322) and DIRECTS the Clerk to ENTER FINAL JUDGMENT as to these previously dismissed claims.

SO ORDERED.

ENTERED: June 28, 2023

/s/ JON E. DEGUILIO
Chief Judge
United States District Court